IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MARIA ISABEL SERVELLON PORTILLO, )
)
Plaintiff, )
)   Civil Action No. 1:12cv1103 (TSE/JFA)
v. )
)
KING OF PITA BAKERY, INC., *et al.*, )
)
Defendants. )

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff Maria Isabel Servellon Portillo's ("Portillo" or "plaintiff") motion for default judgment (Docket no. 11) against defendants King of Pita Bakery, Inc. ("King of Pita") and Antoine Boulos Tahan ("Tahan") (collectively "the defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On October 1, 2012, plaintiff filed her complaint (Docket no. 1) ("Compl.") alleging that during the time she was employed by defendants, she performed overtime work for which no compensation was paid at the overtime rate and performed work for which she was not compensated at the applicable minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Docket no. 1). In the complaint, plaintiff sought overtime and minimum wages owed and liquidated damages in the amount of 100% of the amounts

1

owed, reasonable attorney's fees, costs, expenses, and such other and further relief as the interests of justice and this court deem necessary, just, and proper.[1] *Id.*

Also on October 1, 2012, a summons was issued to be served on Tahan as registered agent for defendant King of Pita at 7941 Wellingford Drive, Manassas, Virginia 20109 and for defendant Tahan to be served in his personal capacity at 7941 Wellingford Drive, Manassas, Virginia 20109. (Docket no. 2). On January 30, 2013, the District Judge entered an order directing plaintiff to show cause by Wednesday February 13, 2013 as to why this case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to effect service on defendants within 120 days after the complaint was filed. (Docket no. 4).

On February 13, 2013, plaintiff submitted an affidavit by Thomas F. Hennessy responding to the order to show cause. (Docket no. 5-1) ("Hennessy Aff. I"). Hennessy stated that the summons and complaint were served on Tahan by Sonic Courier Delivery Service by personal service on October 1, 2012 at 7941 Wellingford Drive, Manassas, Virginia 20109. (Hennessy Aff. I at ¶ 2). Hennessy also stated that due to an administrative error in his law office involving a new employee, a process server was not retained to effect service, no affidavit of service was prepared, and the Sonic Courier employee who effected service on Tahan was no longer an employee and was unavailable to complete an affidavit of service. *Id.* However, on December 12, 2012 and February 13, 2013, Hennessy had telephone conversations with Tahan during which Tahan acknowledged receipt of the summons and complaint by personal service.

---

[1] In the complaint, plaintiff states that she brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all bakers who worked for defendants between September 27, 2009 and the date of final judgment. Accordingly, plaintiff's prayer for relief also seeks that the court declare that this case is a collective action, hold that plaintiff is the representative of the FLSA collective plaintiffs, and issue a declaratory judgment that defendant's acts, policies, practices, and procedures complained of violated provisions of the FLSA. Plaintiff has not pursued any class action claims in this motion for default judgment.

2

(Hennessy Aff. I at ¶ 3). In addition, Tahan offered to provide Hennessy with copies of plaintiff's payroll records, which were received by Hennessy around December 15, 2012. *Id.*

On March 18, 2013, the District Judge entered an order stating that despite plaintiff's inability to produce an affidavit from the Sonic Courier Delivery Service employee who delivered the documents to the defendants on October 1, 2012, it appeared clear that the defendants were nonetheless served properly in accordance with Fed. R. Civ. P. 4. (Docket no. 6). The January 30, 2013 show cause order was vacated and because it appeared from the record that both defendants were in default,[2] plaintiff was ordered to file a pleading requesting that the Clerk enter default against defendants pursuant to Fed. R. Civ. P. 55(a). *Id.*

On March 20, 2013, plaintiff filed a request for entry of default as to defendants King of Pita and Tahan based on their failure to file responsive pleadings in a timely manner. (Docket no. 7). On March 25, 2013, plaintiff filed an affidavit in support of her request for entry of default by Thomas F. Hennessy (Docket no. 8-1) ("Hennessy Aff. II") along with an e-mail from Sonic Couriers stating that delivery of the summons and complaint was completed on October 1, 2012 and signed by "Tahan" (Docket no. 8-2, Ex. A) and a copy of the envelope of a package addressed to plaintiff's counsel from Tahan that contained plaintiff's payroll records (Docket no. 8-3, Ex. B). Also on March 25, 2013, the Clerk entered default against King of Pita and Tahan. (Docket no. 9).

On April 12, 2013, plaintiff filed a motion for default judgment against King of Pita and Tahan (Docket no. 11) along with a memorandum in support (Docket no. 12), a declaration in support by plaintiff Portillo (Docket no. 12-1) ("Portillo Decl. I"), an amended memorandum in support (Docket no. 13), a declaration in support by plaintiff Portillo (Docket no. 13-1)

---

[2] In accordance with Fed. R. Civ. P. 12(a), a responsive pleading was due from Tahan and King of Pita on October 22, 2012, 21-days after the effective date of service.

("Portillo Decl. II"), and a notice of hearing for April 19, 2013 (Docket no. 14). On April 15, 2013, plaintiff filed an additional declaration in support by Thomas F. Hennessy (Docket no. 16-1) ("Hennessy Decl.") and an account statement in support of plaintiff's request for attorney's fees and costs (Docket no. 16-1). Defendants were served copies of the motion for default judgment, memoranda and declarations in support, and notice of hearing by first class mail on April 12, 2013 and April 15, 2013. (Docket nos. 11-14, 16).

On April 19, 2013, counsel for plaintiff appeared before the undersigned and no one appeared on behalf of either defendant. At the hearing, the undersigned requested a supplemental memorandum providing an explanation as to how the damages sought by plaintiff under the FLSA had been calculated. On May 30, 2013, the undersigned directed plaintiff's counsel to file the supplemental memorandum by Friday, June 7, 2013 to avoid a recommendation to the District Judge that default judgment not be entered in this matter because insufficient evidence had been provided to establish plaintiff's claim for damages under the FLSA. (Docket no. 19).

On June 7, 2013, plaintiff's counsel filed a supplemental memorandum consisting of mathematical calculations based on the number of hours plaintiff claims she worked and her rates of pay as described in her declarations. (Docket no. 20).

## Factual Background

The following facts are established by the complaint (Docket no. 1), the memoranda in support of the motion for default judgment (Docket nos. 12, 13), and the supporting declarations (Docket nos. 12-1, 13-1).

Plaintiff resides in Springfield, Virginia. (Compl. ¶ 7). Defendant King of Pita is a Virginia corporation with its principal place of business in Manassas, Virginia. (Compl. ¶ 5).

King of Pita operated a bakery in Alexandria, Virginia at all times relevant to this action. *Id.* King of Pita is a bakery and conducts business with employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person within the meaning of 29 U.S.C. § 203(s)(1)(A)(i). (Compl. ¶ 2). King of Pita has an annual dollar volume of $500,000 or more in sales made or business done exclusive of excise taxes at the retail level that are separately stated. (Compl. ¶ 3). King of Pita at all relevant times has been and continues to be an "employer" engaged in interstate commerce within the meaning of 29 U.S.C. § 203(d). (Compl. ¶ 4). Tahan, who at all times relevant to this action was the President and Treasurer of King of Pita, was an "employer" within the meaning of 29 U.S.C. § 203(d). (Compl. ¶ 6). Tahan had the power to hire and fire employees, control the actions of employees, and set employee wages and compensation. *Id.*

Plaintiff Portillo states that she was employed by defendants within three years of the filing of this action and at all relevant times, she was an "employee" within the meaning of 29 U.S.C. § 203(e). (Compl. ¶¶ 8, 9). Plaintiff was at all material times employed as a baker by defendants King of Pita and Tahan at their facilities in Alexandria and Manassas, Virginia. (Compl. ¶ 1). Plaintiff states that she regularly worked more than 40 hours per week, but defendants never paid her at the premium rate of one and one-half times her regular rate of pay for those hours worked and failed to pay her at the applicable minimum wage required by the FLSA. *Id.* Rather, plaintiff contends that defendants paid her at a rate of $4.27 per hour. *Id.*

Plaintiff Portillo was employed as a baker by defendants from March 29, 2009 to September 16, 2011. (Portillo Decl. II at ¶ 1). Plaintiff states that from October 1, 2009 to December 26, 2010, she was paid at a rate of $7.00 per hour, but never received any premium

pay for hours worked over 40 in any week; from December 26, 2010 until September 16, 2011, she was paid a salary in the gross amount of $425.00 and never received any premium pay for hours worked over 40 in any week.[3] *Id.* Plaintiff states that her normal work schedule was Sunday through Friday from 5:00 p.m. to 4:00 a.m. without any meal break. (Portillo Decl. II at ¶ 2). Plaintiff states that every 15 days, on Tuesday afternoon and continuing through Wednesday morning, she was required to work from 3:00 p.m. on Tuesday through 9:00 a.m. on Wednesday. *Id.*

Plaintiff states that defendants were and are aware that plaintiff worked overtime hours for which she did not receive any premium payment and for which she was not paid at the applicable minimum wage. (Compl. ¶¶ 12, 13). Plaintiff contends that at all relevant times, she worked overtime hours in excess of 40 hours in a work week and defendants willfully, deliberately, and intentionally refused to compensate her at the correct premium overtime rate of time-and-a-half pay in violation of the FLSA. (Compl. ¶¶ 14, 16, 18).

Plaintiff states that defendants led her to believe that her regular pay was paid in conformity with the FLSA. (Compl. ¶ 20). Plaintiff contends that defendants' pay system was unilaterally imposed upon her. (Compl. ¶ 27). Plaintiff also states that defendants' failure to properly administer a scheme of compensation violates the overtime and minimum wage provisions of the FLSA and the applicable U.S. Department of Labor regulations. (Compl. ¶ 28). Plaintiff also alleges that she has suffered substantial delays in receipt of wages owed and damages as a result of defendants' willful and knowing failure to properly compensate her. (Compl. ¶ 29).

---

[3] The three year statute of limitations for a willful violation of the FLSA bars any claim for the time period before October 1, 2009, since this action was filed on October 1, 2012.

6

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the defendants' failure to file responsive pleadings in a timely manner, the Clerk has entered a default as to each defendant. (Docket no. 9).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff states that this court has subject matter jurisdiction over her FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). (Compl. ¶ 10). The FLSA provides that any action to recover unpaid minimum or overtime wages, and for liquidated damages, may be maintained "in any federal or state court of competent jurisdiction." 28 U.S.C. § 216(b). In turn, 28 U.S.C. § 1331 provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Finally, 28 U.S.C. § 1337 provides that district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress

regulating commerce or protecting trade and commerce against restraints and monopolies. Since this action arises from a law of the United States, the FLSA, and further arises from an Act of Congress regulating commerce, this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337.

This court also has personal jurisdiction over defendants. As noted in the complaint, defendant King of Pita is a Virginia corporation with its principal place of business in Manassas, Virginia. (Compl. ¶ 5). Further, defendant Tahan, the President and Treasurer of King of Pita, who was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), regularly does significant business in Virginia. (Compl. ¶ 6). Venue is also proper in this court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Virginia. (Compl. ¶¶ 5, 6).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over defendants King of Pita and Tahan, and that venue is proper in this court.

## Service

Under Fed. R. Civ. P. 4(e)(1), an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located and pursuant to Fed. R. Civ. P. 4(h), a corporation may be served in a judicial district of the United States in the manner prescribed in Rule 4(e)(1) for serving an individual. Under Virginia law, service upon a natural person must first be attempted by delivering a copy of process in writing to the party in person. *See* Va. Code § 8.01-296(1). Virginia law also provides that service upon a domestic corporation may be made by personal service on any officer, director, or registered agent of

such corporation. *See* Va. Code § 8.01-299(1). On February 13, 2013, plaintiff submitted an affidavit of Thomas F. Hennessy stating that defendant Tahan was served in his personal capacity and as registered agent for King of Pita by Sonic Courier Delivery Service by personal service on October 1, 2012 at 7941 Wellingford Drive, Manassas, Virginia 20109. (Hennessy Aff. I at ¶ 2). In addition, Hennessy indicated that an administrative error in his law office involving a new employee occurred and that as a result, a process server was not retained to effect service, no affidavit of service was prepared, and the Sonic Courier employee who effected service on Tahan was no longer an employee and unavailable to complete an affidavit of service. *Id.* However, Hennessy indicated that during phone calls with Tahan on December 12, 2012 and February 13, 2013, Tahan acknowledged receipt of the summons and complaint by personal service. (Hennessy Aff. I at ¶ 3).

Thereafter, on March 18, 2013, the District Judge entered an order stating that despite plaintiff's inability to produce an affidavit from the Sonic Couriers employee who personally served defendant Tahan, it appeared clear that defendants were nonetheless served properly in accordance with Fed. R. Civ. P. 4. (Docket no. 6).

Accordingly, and based on the previous finding by the District Judge, the undersigned magistrate judge recommends a finding that King of Pita and Tahan were served properly with the summons and complaint.

### Grounds for Entry of Default

Under Fed. R. Civ. P. 12(a), a responsive pleading was due from defendants King of Pita and Tahan on October 22, 2012 (21-days after the summons and complaint were personally served on Tahan). No responsive pleadings were filed by either defendant in a timely manner.

9

On March 20, 2013, plaintiff filed a request for entry of default as to defendants King of Pita and Tahan (Docket no. 7) along with a supporting affidavit filed on March 25, 2013 (Docket no. 8-1). The certificates of service filed with these documents indicate that the request for entry of default and affidavit in support were served on defendants by first class mail on March 20, 2013 and March 25, 2013 respectively. (Docket nos. 7, 8). On March 25, 2013, the Clerk entered default against King of Pita and Tahan. (Docket no. 9). The currently pending motion for default judgment as to both defendants and materials in support were served on defendants by first class mail on April 12, 2013 and April 15, 2013. (Docket nos. 11-14, 16).

For these reasons, the undersigned magistrate judge recommends a finding that the defendants were served properly, that the defendants failed to file responsive pleadings in a timely manner, and that the Clerk has properly entered a default as to each of the defendants.

## Liability and Measure of Damages

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because King of Pita and Tahan failed to file responsive pleadings and are in default, they admit the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6). As set forth in the complaint, defendants have violated certain provisions of the FLSA, 29 U.S.C. §§ 206 and 207. Defendants are required by the FLSA to compensate each employee at a minimum wage for each hour worked. 29 U.S.C. § 206(a). In addition, for each hour worked in excess of forty (40) worked during any given work week, the FLSA guarantees an employee overtime pay at a rate not less than one and one-half (1.5) times the employee's regular rate of pay. 29 U.S.C. § 207(a). As shown in her amended memorandum in support, plaintiff's motion for default judgment seeks judgment in the amount

10

of $33,489.85 ($26,952.35[4] in unpaid minimum wages, overtime, and liquidated damages owed under the FLSA + $6,187.50 in attorney's fees + $350.00 in costs). (Docket no. 13 at 2-3).

To establish a violation of the FLSA for non-payment of minimum wage under 29 U.S.C. § 206, a plaintiff must show that: (1) the plaintiff was employed by the defendant; (2) the plaintiff was engaged in commerce or in the production of goods for commerce; (3) the plaintiff was not compensated for all hours worked during each work week at a rate equal to or greater than the then applicable minimum wage; and (4) none of the exemptions in 29 U.S.C. § 213 applied to the plaintiff's position. *See* 29 U.S.C. § 206. To establish a violation of the FLSA for non-payment of overtime hours, a plaintiff must show that: (1) the plaintiff was employed by the defendant; (2) the plaintiff was engaged in commerce or in the production of goods for commerce; (3) the plaintiff worked over forty hours per work week; (4) the plaintiff was not compensated at a rate of 1.5 times her regular rate for each hour worked in excess of forty hours for each work week; and (5) none of the exemptions in 29 U.S.C. § 213 applied to the plaintiff's position. *See* 29 U.S.C. § 207.

The facts set forth in the complaint and Portillo's declarations establish that Portillo was employed by defendants as a baker from March 29, 2009 to September 16, 2011. (Portillo Decl. II at ¶ 1). Portillo was engaged in commerce in that she worked at defendants' facilities in Alexandria and Manassas, Virginia as a baker for a bakery conducting business with employees

---

[4] Plaintiff's initial memorandum in support of her motion for default judgment (Docket no. 13) did not contain any explanation concerning how the $26,952.35 sought for unpaid minimum wages, unpaid overtime wages, and liquidated damages under the FLSA was calculated. During the hearing on April 19, 2013, plaintiff's counsel was unable to provide an explanation as to how that amount was calculated and the undersigned requested that a supplemental memorandum be filed. Even though it took plaintiff's counsel six weeks to file the supplemental memorandum, unfortunately, it was of little help since it contains numerous errors in the method used to calculate the amounts owed. (Docket no. 20). As discussed below, this supplemental memorandum increased the amount sought for damages under the FLSA for unpaid minimum wages, unpaid overtime wages, and liquidated damages to $45,919.60. However, even if plaintiff's claim of working at least 11 hours a day without a meal break six days a week for almost two years without a day off is accepted as true, the calculations contained in the supplemental memorandum are not correct.

engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i). (Compl. ¶¶ 1, 2).

Plaintiff alleges that she was not compensated for all hours worked each work week at a rate equal to or greater than the applicable minimum wage because from October 1, 2009 to December 26, 2010, she was paid $7.00 per hour and from December 26, 2010 to September 16, 2011, she was paid a salary in the "gross amount" of $425.00.[5] (Portillo Decl. II at ¶ 1). Plaintiff further alleges that she worked over 40 hours per week in that her normal work schedule was Sunday through Friday from 5:00 p.m. to 4:00 a.m. without any meal break. (Portillo Decl. II at ¶ 2). Plaintiff states that every 15 days, on Tuesday afternoon and continuing through Wednesday morning, she was required to work from 3:00 p.m. on Tuesday through 9:00 a.m. on Wednesday. *Id.* In other words, plaintiff claims that she worked 66 hours a week for two weeks per month and 73 hours a week for the remaining two weeks in each month. (Docket no. 20 at 1-2). Plaintiff contends that she never received any premium pay at a rate of 1.5 times her regular rate for each hour worked in excess of 40 hours per week. (Portillo Decl. II at ¶ 1). Moreover, no evidence has been produced to show that any of the exemptions listed in 29 U.S.C. § 213 apply to Portillo and she appears to be a covered employee entitled to payment of minimum wage. *See Darveau v. Detecon, Inc.*, 515 F.3d 334, 337 (4th Cir. 2008) ("An employer bears the burden of proving that a particular employee's job falls within such an exemption.").

---

[5] Plaintiff has not provided any employment records establishing her rate of compensation or the number of hours she worked. However, an employee's affidavit about her recollection of the hours she worked and the pay she received, if deemed credible by the court, may be a basis for the court to award damages. *See, e.g., Lopez v. Lawns 'R' Us*, CIV. DKC 07-2979, 2008 WL 2227353, at *3 (D. Md. May 23, 2008) ("An employee's testimony as to his recollection of the hours he worked and the pay he received, if considered credible by the trier of fact, is sufficient to establish a prima facie case of wages owed."). In addition, "[t]he Court may award damages based on Plaintiffs' testimony even though the amounts claimed are only approximated and not perfectly accurate." *Id.*

During the period from October 1, 2009 to December 26, 2010, during which defendants employed Portillo at the rate of $7.00 per hour, the federal minimum wage was $7.25 per hour. For each regular hour Portillo worked, she was to be paid at a rate of at least $7.25, meaning that she is owed an additional $0.25 per hour. Portillo is owed a total of $1,042.50 in unpaid minimum wages under the FLSA for October 2009 through December 2010 for the regular hours worked.[6] In addition, there can be no dispute that under the FLSA, Portillo was entitled to overtime wages for hours worked in excess of 40 in a single workweek.[7] Given the facts as admitted by defendants in their default, Portillo is entitled to additional compensation for overtime hours during this period of employment in the amount of $6,416.25 in unpaid overtime wages.[8] The total of unpaid minimum wages and unpaid overtime wages owed to Portillo for October 2009 through December 2010 is **$7,458.75**.

In addition, plaintiff is owed unpaid minimum wages and overtime wages for the period from December 26, 2010 through September 16, 2011, during which she was paid a weekly

---

[6] As shown in plaintiff's supplemental memorandum in support of her motion for default judgment, the amount of unpaid wages during this period is based on the fact that at the hourly rate of $7.25, Portillo is owed an extra $16.50 for 66 hour weeks (66 hours x $0.25 per hour) and $18.25 for 73 hour weeks (73 hours x $0.25 per hour), for a total of $69.50 per month. During this period of approximately 15 months (1 year, 2 months, and 26 days), plaintiff is owed a total of $1,042.50 in unpaid minimum wages ($69.50/month x 15 months). (Docket no. 20).

[7] When the employee's regular rate of pay is below the statutory minimum wage, the statutory minimum wage (as opposed to the employee's regular rate of pay) is to be used as the baseline in calculating the overtime wage. 29 C.F.R. § 778.107 ("The general overtime pay standard in section 7(a) requires that overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed. The regular rate of pay at which the employee is employed may in no event be less than the statutory minimum.").

[8] The unpaid premium pay owed to Portillo from October 2009 to December 2010 is based on 118 hours of overtime worked per month (26 hours of overtime during the 66 hour weeks and 33 hours of overtime during the 73 hour weeks). For hours worked over 40 in a week, plaintiff was entitled to a premium pay rate of an additional $3.625 per hour ($10.875 per hour [$7.25 x 1.5] less the $7.25 minimum wage discussed in footnote 6). Plaintiff was owed $427.75 per month (118 overtime hours per month at a rate of $3.625 additional per hour) for 15 months, for a total of $6,416.25 ($427.75 per month x 15 months). Plaintiff's overtime calculations in the supplemental memorandum fail to take into consideration the earlier discussion and calculation concerning the minimum wage amount due during this period by using $7.00 an hour instead of $7.25 an hour, in essence seeking a double recovery for that $0.25 an hour.

salary of $425.00.[9] During this period (and for the preceding period as well), Portillo should have been paid $572.75 for each week she worked 66 hours [($7.25 x 40 hours) + ($7.25 x 1.5 x 26 hours) = $572.75] and she should have been paid $648.88 for each week she worked 73 hours [($7.25 x 40 hours) + ($7.25 x 1.5 x 33 hours) = $648.875]. For the weeks she worked 66 hours and was only paid $425.00, she is owed an additional $147.75. For the weeks she worked 73 hours and was only paid $425.00, she is owned an additional $223.875. Plaintiff claims that she was paid $425.00 a week from December 26, 2010 through September 16, 2011 – 38 weeks. Assuming she worked 66 hours for half of those weeks and 73 for the other half, she would be entitled to an additional **$7,060.88** [($147.75 x 19 weeks) + ($223.875 x 19 weeks) = $7,060.88]. Plaintiff's calculations in the supplemental memorandum for this period use 9.5 months instead of 38 weeks and also incorrectly calculate the unpaid overtime by not taking into account the previous calculations concerning the minimum wage.

Accordingly, for the entire period of her employment from October 1, 2009 to September 16, 2011, plaintiff is owed a total of **$14,519.63** in unpaid minimum and overtime wages – accepting as true her claim to have never missed a day at work during that time period and never having worked less than either 11 hours a day, six days a week or 18 hours every other Tuesday/Wednesday.

In FLSA cases, employees routinely are awarded an amount of liquated damages equal to unpaid wages. 29 U.S.C. § 216(b); *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1118 (4th Cir. 1985). An employer may attempt to show that the violation of the FLSA was in good

---

[9] In plaintiff's supplemental memorandum, she states that during this period, she was paid a salary of $425.00 per month. (Docket no. 20). The undersigned will interpret this as a typographical error in which plaintiff meant a salary of $425.00 per week as plaintiff's calculations of her unpaid minimum wages and overtime compensation during this period only make sense if this was a weekly (not monthly) salary. Moreover, it would make little sense for plaintiff to have worked for defendants for more than 8 months if her salary abruptly dropped from $7.00 per hour to less than $2.00 per hour.

faith in an effort to avoid payment of the liquated amount. In this case, the employer has failed to appear and present any defense to plaintiff's claim of a willful violation of the FLSA. Accordingly, an award of liquated damages equal to the unpaid wages is appropriate.

The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). A person who hires and directs employees who work for the enterprise is considered an "employer" under the FLSA and is jointly and severally liable for violations of the FLSA. *See Brock v. Hamad*, 867 F.2d 804, 808 n.6 (4th Cir. 1989); *Chao v. Self Pride, Inc.*, 2006 U.S. Dist. LEXIS 18865 (D. Md. January 13, 2006). The allegations in the complaint support a finding that Tahan, in addition to King of Pita, was plaintiff's employer under the FLSA.

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of Portillo against both defendants, jointly and severally, in the amount of **$29,039.26**, comprised of $14,519.63 in unpaid minimum wages and overtime wages and $14,519.63 in liquidated damages under the FLSA.

**Attorney's Fees and Costs**

The FLSA also provides for the mandatory award of attorney's fees and costs of an action. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

In support of her request for attorney's fees and costs, plaintiff submitted a declaration of Thomas F. Hennessy (Docket no. 16-1) ("Hennessy Decl.") and an Account Statement breaking down the total fee and disbursements for all charges in this matter (Docket no. 16-1). According to those documents, the total amount of attorney's fees and costs incurred was

$5,757.54[10] comprised of $5,337.50 in attorney time and $420.04 in costs (the $350 filing fee; $20.90 for "[m]ileage to FFX Court" for filing on September 14, 2012 for Mr. Hennessy; and $49.14 for the Sonic Courier fee for service on Antoine Tahan in Manassas, VA on October 1, 2012). The hourly rate charged for the attorney time was $350.00. (Hennessy Decl. at ¶ 2).

The undersigned has reviewed the affidavit of Mr. Hennessy and the Account Statement and recommends a finding that the $5,337.50 amount requested in attorney's fees is reasonable.[11] The undersigned further recommends a finding that plaintiff should be awarded $399.14 in costs, including the filing fee and the cost of service on defendant, but excluding the $20.90 amount for mileage to "FFX Court" on September 14, 2012.[12] Thus, the undersigned recommends a finding that plaintiff be awarded **$5,736.64** in attorney's fees and costs.

## Conclusion

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of Maria Isabel Servellon Portillo against King of Pita Bakery, Inc. and Antoine Boulos Tahan, jointly and severally, in the principal amount of **$34,775.90**, consisting

---

[10] Hennessy declares that his standard hourly rate is $350.00 and that he spent a total of 16.5 hours on this case, which would be a total of $5,775.00 in attorney's fees. (Hennessy Decl. at ¶¶ 2, 3). However, the total attorney's fees reflected in the Account Statement is **$5,337.50** as an amount of **$0.00** was entered in the Account Statement for 1.25 hours spent by Hennessy meeting with his client to prepare the motion for default judgment on March 28, 2013. (Docket no. 16-1). This "discount" explains the $437.50 difference between the total attorney's fees sought ($5,337.50) on the Account Statement and 16.5 hours of time at a rate of $350.00 per hour ($5,775.00).

[11] The Hennessy Declaration does not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) for establishing a reasonable fee award. Under those cases, the relevant inquiry is whether the fees charged are comparable with the prevailing market rates of other local lawyers familiar both with the skills of the fee applicants and the type of work in the relevant community; here, Northern Virginia. *Plyler*, 902 F.2d at 278. However, since defendants have not contested the requested amount of fees in this case, the court will accept the allegations set forth by plaintiff concerning the reasonableness of these fees as true. The total amount of the fees and costs requested are consistent with fees and costs incurred in similar cases and awarded by this court.

[12] The inclusion of the $20.90 amount for mileage to "FFX Court" on September 14, 2012 on the Account Statement in this matter appears to be in error as the complaint in this matter was filed on **October 1, 2012** in the Federal District Court for the Eastern District of Virginia located in **Alexandria, Virginia**. (Docket no. 1).

of $14,519.63 in unpaid hourly minimum wages and overtime wages; $14,519.63 in liquidated damages; $5,337.50 in attorney's fees; and $399.14 in costs.

## Notice

By means of the court's electronic filing system, and by mailing a copy of this proposed findings of fact and recommendations to defendant Antoine Boulos Tahan, 7941 Wellingford Drive, Manassas, Virginia 20109, and to defendant King of Pita Bakery, Inc., c/o Antoine Boulos Tahan, Registered Agent, 7941 Wellingford Drive, Manassas, Virginia 20109, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 19th day of June, 2013.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia